IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kathleen McKay, | ) | Civil Action No. 2:17-45-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| The Medical University of South Carolina, | ) | |
| Megan Shiverdecker, *and* Christine Cooley, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Defendants' motion to dismiss be granted in part and denied in part. For the reasons set forth below, the Court adopts the Report and Recommendation.

I. **Background**

Plaintiff alleges she is a current employee at the Medical University of South Carolina ("MUSC"), where she has been employed since 1988. She alleges that she has epilepsy. In 2015, Plaintiff's epilepsy allegedly forced her to take leaves of absence under the Family Medical Leave Act ("FMLA"). Plaintiff alleges that MUSC employees Christine Cooley (Plaintiff's supervisor) and Megan Shiverdecker thereafter retaliated against her with various forms of harassment, and that she sought assistance from MUSC human resources but received no assistance.

On January 5, 2017, Plaintiff filed the present action asserting FMLA interference and retaliation claims under the "self-care" provisions of the FMLA, 29 U.S.C. § 2612(a)(1)(D), and state-law defamation claims. Plaintiff seeks monetary damages from all Defendants, declaratory relief, and attorney's fees. Plaintiff's prayer for relief does not specifically seek injunctive relief, but Plaintiff prays for general relief and she states that she seeks injunctive relief in the complaint's introductory paragraph. Defendants moved to dismiss, and on July 19, 2017, the Magistrate Judge

recommended granting in part and denying in part the motion to dismiss. (Dkt. No. 13.) No party filed objections to the Report and Recommendation.

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### B. Motion to Dismiss Under Rule 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of a court to adjudicate the matter before it. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). A challenge to subject-matter jurisdiction may contend either 1) that the complaint fails to allege facts sufficient to establish subject matter jurisdiction or 2) "that the jurisdictional allegations of the complaint [are] not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Where the sufficiency of the jurisdictional

allegations in the complaint is challenged facially, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (2009). If, however the defendant contends "that the jurisdictional allegations of the complaint [are] not true," the plaintiff bears the burden to prove facts establishing jurisdiction and the district court may "decide disputed issues of fact." *Id.* In that case, because the plaintiff's allegations are not presumed true, "the court should resolve the relevant factual disputes only after appropriate discovery." *24th Senatorial Dist. Republican Comm. v. Alcorn*, 820 F.3d 624, 629 (4th Cir. 2016). And where "the jurisdictional facts and the facts central to a tort claim are inextricably intertwined," so that a challenge to the truth of the jurisdictional facts indirectly challenges the plaintiff's claims on the merits, "the trial court should ordinarily assume jurisdiction and proceed to the intertwined merits issues." *Kerns*, 585 F.3 at 193.

### C. Motion to Dismiss Under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-

moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

#### A. MUSC's Eleventh Amendment Immunity

MUSC is a state agency and has Eleventh Amendment immunity from claims for monetary damages brought in federal court.[1] Congress can in some circumstances act under the Fourteenth Amendment to abrogate Eleventh Amendment immunity, but the Supreme Court has held Congress did not have authority to abrogate Eleventh Amendment immunity under FMLA's "self-care" provision. *Coleman v. Ct. of App. of Md.*, 566 U.S. 30, 33 (2012). Because Plaintiff asserts claims under the "self-care" provision, the Magistrate Judge recommends dismissal of claims for monetary damages against MUSC. The Court agrees, and, indeed, Plaintiff concedes MUSC is immune from monetary damages. (Dkt. No. 8 at 6.) The Court therefore grants the motion to dismiss claims against MUSC for monetary damages under the FMLA. MUSC has not moved to dismiss claims for equitable relief. (Dkt. No. 11 at 2.)

---

[1] The relevant immunity here is Eleventh Amendment immunity and not state sovereign immunity, because South Carolina has abolished state sovereign immunity. *See* S.C. Code § 15-78-20(c)(i); *see also Stewart v. North Carolina*, 393 F.3d 484, 488–89 (4th Cir. 2005).

### B. Merits of FMLA Claims Against MUSC

There are two types of FMLA claims: interference claims, which allege violation of prescriptive FMLA rights, and retaliation claims, which allege violation of proscriptive FMLA rights. *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 546 (4th Cir. 2006). "To state a claim of interference with FMLA rights, the plaintiff must establish that "(1) she was an eligible employee, (2) the defendant was an employer as defined under the FMLA, (3) she was entitled to leave under the FMLA, (4) she gave the employer notice of her intention to take leave, and (5) the employer denied the employee FMLA benefits to which she was entitled." *Ainsworth v. Loudon Cty. Sch. Bd.*, 851 F. Supp. 2d 963, 975 (E.D. Va. 2012). "To state an FMLA retaliation claim, a plaintiff must establish that: (1) she engaged in a protected activity, (2) her employer took an adverse employment action against her, and (3) the adverse employment action was causally connected to the plaintiff's protected activity." *Id.* at 976.

Plaintiff alleges both types of FMLA claim against MUSC. MUSC has not moved to dismiss the retaliation claim. As to the interference claim, MUSC argues Plaintiff has failed to allege the fifth element of the claim—that her employer denied an FMLA benefit to which she was entitled. The Magistrate Judge determined that Plaintiff has failed to state a FMLA interference claim because she does not allege that she was ever denied requested FMLA leave, that FMLA violations caused her to lose compensation or benefits, or that she would have structured her FMLA requests differently had Defendants not interfered with those requests. (Dkt. No. 13 at 11–12.) The Court agrees. Plaintiff's allegations concern retaliation for her FMLA leave requests, not interference with those requests. The Court therefore agrees Plaintiff's the first cause of action (FMLA interference) against MUSC is subject to dismissal. The Court also agrees with the Magistrate Judge that Plaintiff should be provided an opportunity to amend her allegations to cure the defect, if she is able. Plaintiff may file an amended complaint within fifteen days of the date

of this Order that sets forth allegations sufficient to state an FMLA interference claim, if she is able to do so. If Plaintiff fails file an amended complaint that corrects the deficiency with her FMLA interference claim, the Court will dismiss the claim.

## C. FMLA Claims Against Defendants Cooley and Shiverdecker

Plaintiff concedes that she is not asserting any FMLA claims against Ms. Cooley or Ms. Shiverdecker in their official capacities as state employees. (Dkt. No. 8 at 8.) Plaintiff argues MUSC's Eleventh Amendment immunity does not apply to MUSC employees (or former employees) sued in an individual capacity. The Magistrate Judge, however, recommends that MUSC employees have Eleventh Amendment immunity from claims for monetary damages under the FMLA. The Court agrees. Controlling Fourth Circuit authority holds claims against state employees in their individual capacities under the FMLA are barred by Eleventh Amendment immunity when the state is the real party in interest. *Martin v. Wood*, 772 F.3d 192, 196 (4th Cir. 2014). The state is the real party in interest when "the allegedly unlawful actions of the state officials [were] 'tied inextricably to their official duties.'" *Id.* Plaintiff has made no factual allegations establishing that Ms. Cooley or Ms. Shiverdecker was acting other than in an official capacity when engaging in the conduct of which Plaintiff complains.[2] Plaintiff argues that the individual Defendants bullied and ridiculed Plaintiff and that "[n]one of these acts [of bullying] could possibly be within the 'official duties' of the individual Defendants" (Dkt. No. 8 at 11), but workplace bullying and ridicule, standing alone, are not FMLA violations. Anything Ms. Cooley (Plaintiff's supervisor) or Ms. Shiverdecker did to interfere with Plaintiff's exercise of her right to medical leave under the FMLA, or to retaliate for Plaintiff's exercise of that right, necessarily was

---

[2] Plaintiff concedes injunctive relief is not available against Ms. Shiverdecker because she is no longer employed by MUSC. (Dkt. No. 8 at 10–11.)

"tied inextricably to [their] official duties." Indeed, the tie between the specific examples of conduct of which Plaintiff complains—not properly processing FMLA leave requests, not properly securing HIPPA-protected information, and making improper internal disciplinary allegations—and the individual Defendants' duties as MUSC employees could not be more obvious. Further, Plaintiff has failed to state a claim for injunctive relief from Ms. Cooley in her individual capacity for the same reason—Plaintiff has not alleged any *ultra vires* activities that Ms. Cooley should be personally enjoined from engaging in because of the FMLA.[3]

The Court therefore dismisses all FMLA claims against Ms. Cooley and Ms. Shiverdecker.

## D. Defamation Claims

Defamation can be libel or slander. Slander is a spoken defamation, while libel is a written defamation or one accomplished by actions or conduct. *Swinton Creek Nursery v. Edisto Farm Credit*, 514 S.E.2d 126, 133–34 (S.C. 1999). In South Carolina, the elements for a defamation claim are: 1) a false and defamatory statement concerning another; 2) an unprivileged publication to a third party; 3) fault on the part of the publisher; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Murray v. Holnam, Inc.*, 542 S.E.2d 743, 748 (S.C. Ct. App. 2001). A statement may be actionable *per se* where it is both false and defamatory and suggests 1) the commission of a crime of moral turpitude, 2) contraction of a loathsome disease, 3) adultery, 4) unchastity, or 5) unfitness in one's business or profession. *Holtzscheither v. Thomson Newspapers, Inc.*, 506 S.E.2d 497, 508-509 (S.C. 1998).

Plaintiff alleges that Defendants Shiverdecker and Cooley made false and defamatory statements about her to individuals within MUSC, that they relayed the statements to third parties,

---

[3] Plaintiff concedes injunctive relief is not available against Ms. Shiverdecker because she is no longer employed by MUSC. (Dkt. No. 8 at 10–11.)

and that the statements relate to her fitness for her profession. She, however, does not allege the actual contents of the defamatory statements or the identity of the persons to whom they were made. Without that factual detail, Plaintiff's defamation claim is merely the conclusory statement that Defendants defamed her to other MUSC employees and others. For that reason, the Magistrate Judge recommends that Plaintiff has failed plausibly allege the false and defamatory statement or unprivileged publication elements of a defamation claim under South Carolina law. The Court agrees that Plaintiff's third cause of action (defamation) is subject to dismissal. The Court also agrees with the Magistrate Judge that Plaintiff should be provided an opportunity to amend her allegations to cure the defect, if she is able. Plaintiff may file an amended complaint within fifteen days of the date of this Order that sets forth allegations sufficient to state a defamation claim under South Carolina law, if she is able to do so. If Plaintiff fails file an amended complaint that corrects the deficiency with her defamation claim, the Court will dismiss the claim.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 13) as the Order of the Court. Defendants' motion to dismiss (Dkt. No. 7) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's claims for monetary damages against Defendant MUSC are **DISMISSED WITHOUT PREJUDICE**. FMLA claims against Defendants Megan Shiverdeck and Christine Cooley are **DISMISSED WITHOUT PREJUDICE**. The Court **GRANTS** leave to amend the complaint within fifteen days of the date of this Order to cure the defects with the FMLA interference claim against MUSC and defamation claim set forth in this Order.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

August __, 2017
Charleston, South Carolina